



| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | DAVID M. HAZAN<br>*Assistant Corporation Counsel*<br>Room 3-186<br>Telephone: (212) 788-8084<br>Facsimile: (212) 788-9776<br>dhazan@law.nyc.gov |



June 5, 2008

**VIA HAND DELIVERY**
Honorable Kevin Nathaniel Fox
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>Huascar De La Rosa v. John Doe #1, et al.</u>, 07 Civ. 7577 (PKC) (KNF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to respond to the Court's <u>Valentin</u> Order, dated May 8, 2008, on behalf of non-party City of New York. I write to respectfully request (1) that the Court compel plaintiff to provide non-party City of New York with an unsealing release pursuant to New York Criminal Procedure Law § 160.50 for the underlying police records, by a date certain; and (2) a thirty (30) day enlargement of time from June 9, 2008 to July 9, 2008 to respond to the Court's <u>Valentin</u> Order, dated May 8, 2008. Plaintiff is incarcerated and proceeding *pro se*; therefore this request is made directly to the Court.

      As background, plaintiff's complaint alleges that "Police Officer Armani" used excessive force during plaintiff's arrest on December 20, 2005. By order, dated May 8, 2008, this Court ordered the City of New York to "obtain and furnish to the plaintiff information including, but not limited to, any pertinent New York City Police Department arrest report, roll call log or aided report prepared on or about December 20, 2005, that will assist plaintiff in learning the full name, shield number and work location of the police officer defendant" on or before June 9, 2008. By letters, dated January 22, 2008, February 11, 2008 and May 22, 2008, this office requested that plaintiff execute an unsealing release pursuant to N.Y. Crim. P. Law § 160.50. Plaintiff provided defendants an improperly executed release wherein he does not indicate a recognized docket number or indictment number. To date, defendants are still awaiting a properly executed release from plaintiff.

Without the requested unsealing release pursuant to N.Y. Crim. P. Law § 160.50, this office is unable to obtain the underlying records necessary to adequately investigate plaintiff's allegations and to ascertain the necessary information to respond to the Court's Order. Specifically, the City of New York will not have access to any of the underlying police, District Attorney, or Criminal Court Records in this action until plaintiff executes a release pursuant to N.Y. Crim. P. Law § 160.50. The executed release is necessary for our office to obtain the police records pertaining to plaintiff's underlying arrest and to obtain the arrest report, roll call log or aided report. Because the City of New York does not have access to the underlying paperwork relating to the alleged incident, the City is not in a position to respond to the Court's Order at this time.

In view of the foregoing, the City of New York respectfully requests (1) that the Court compel plaintiff to provide non-party City of New York with a properly executed unsealing release pursuant to New York Criminal Procedure Law § 160.50, by a date certain; and (2) a thirty (30) day enlargement of time from June 9, 2008 to July 9, 2008 to respond to the Court's <u>Valentin</u> Order, dated May 8, 2008.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

*[signature]*

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Via First Class Mail
      Huascar De La Rosa
      53363-054
      FCI-Butner, Medium I
      PO Box 1000
      Butner, NC 27509

6/12/08

*[handwritten note]* The police department's roll call log does not appear to be within the ambit of C.P.L. 160.50. Therefore, the pertinent information from that record should be provided to the plaintiff expeditiously. This may enable the plaintiff to identify defendant P.O. Adhrani more fully immediately and to effect service on him. With respect to the request that the plaintiff be ordered to execute an unsealing release, the Court will wait a reasonable period of time to enable the plaintiff to respond, in writing, to the Court regarding that request. 1/2

SO ORDERED:
/Kevin Nathaniel Fx/
KEVIN NATHANIEL FOX, USMJ